FILED
United States Court of Appeals
Tenth Circuit

April 22, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

THURMAN HARVEY HINES,

        Plaintiff-Appellant,

v.

JUSTIN JONES, Director; MIKE
ADDISON, Warden; SANDRA
DORRIS, Law Library Supervisor;
LAURA SERSHON, Case Manager;
JERRY CHRISMAN, Deputy Warden;
LARRY HOSEK, Correctional
Officer; B. STEPHENS, Correctional
Officer; RICK ALLAN, Case
Manager, JHCC; DENNIS ROSE, Unit
Manager, JHCC; BRYAN GANTZ;
WILSON, Officer, Jess Dunn
Correctional Center,

        Defendants-Appellees.

No. 09-6239
(D.C. No. 5:07-CV-01429-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK**, and **BRISCOE**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-Appellant Thurman Harvey Hines, appearing pro se, appeals from the district court's order dismissing his civil rights complaint for failure to state a claim for relief. He also seeks leave to proceed on appeal *in forma pauperis*. Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM** the court's order. We **DENY** Mr. Hines's motion to proceed *in forma pauperis*.

In December 2007, Mr. Hines, a state prisoner, along with several fellow prisoners, filed a pro se civil rights complaint. The magistrate judge ordered certain deficiencies be cured. However, because Mr. Hines was the only plaintiff who cured the defects pertaining to him, the judge recommended that the other purported plaintiffs be dismissed, and ordered Mr. Hines "to file an amended complaint which asserts those claims pertaining solely to him and which specifies the acts or omissions allegedly committed by each Defendant on which [his] claims are based and the harm suffered by him as a result." R. at 126. There was no objection to the judge's recommendation, and it was adopted by the district court. Thereafter, Mr. Hines filed his amended complaint.

The magistrate judge conducted a review of Mr. Hines's amended complaint under 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B), and concluded that it should be dismissed for failure to state a claim for relief. In a thorough report and recommendation, the judge painstakingly worked through the amended complaint, which he accurately described as containing "rambling ambiguous statements which incorporate legal terminology and 'buzz words' to suggest the

violation of various constitutional rights." *Hines v. Jones*, No. CIV-07-1429-R, 2009 WL 3448222, at \*4 (W. D. Okla., Oct. 21, 2009). He concluded that the complaint failed to state any "cognizable constitutional violations," *id*., and that it would be futile to allow Mr. Hines any additional opportunities to amend.

The district court's order adopting the magistrate judge's report and recommendation noted that Mr. Hines's objection, in addition to being "rambling and difficult to understand," *id*. at \*1, "included factual allegations . . . not included in his Amended Complaint and not properly before the Court," *id*. The court addressed the "specific objections which [it was] able to comprehend," *id*., and "concur[ed] in the findings, conclusions and recommendation of the Magistrate Judge," *id*. at \*2. The court denied Mr. Hines's later-filed motion for leave to proceed *in forma pauperis* on appeal because the "appeal is not taken in good faith." R. at 252.

On appeal, Mr. Hines concedes that his amended complaint failed to state claims for relief. He argues instead that the district court should have construed his objection to the magistrate judge's report and recommendation "as [a] motion for leave to amend [his] complaint." Aplt. Opening Br. at 5. According to Mr. Hines, he "should have been allowed to amend [his] complaint or been instructed by Court to amend [his] complaint after showing of sufficient facts [in his objection] to state a claim under § 1983." *Id*. at 4. He admits that he "did not specifically request for leave to amend complaint in caption or motion," *id*. at

-3-

3, but asserts that the court should have divined his intention when he asked in his objection that he be allowed "to properly round off any factual allegation needed," *id.* In his objection, Mr. Hines never asked to file another complaint. Instead, he asked the court to overrule the judge's report and recommendation, to serve the defendants, and require them to answer the complaint and file a "Martinez Report." R. at 218.

Although "[a] pro se litigant's pleadings are to be construed liberally," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), Mr. Hines's pro se status does not excuse his obligation to comply with the fundamental requirements of the civil procedure rules. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). His objection did not qualify as a motion to amend his complaint and the district court did not err in failing to treat it as such. In addition to the fact that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *id.*, judges are not mind readers and should not be expected to guess at what a litigant might intend.

We **AFFIRM** the dismissal of Mr. Hines's civil rights complaint. Because we also agree with the court's determination that Mr. Hines's appeal lacks a good faith basis, we **DENY** his motion to proceed *in forma pauperis*. This court has assessed partial payments on the appellate filing fee; given our denial of leave to

proceed *in forma pauperis*, Mr. Hines is directed to make immediate payment of the unpaid balance due.

Entered for the Court

Bobby R. Baldock
Circuit Judge